Josefa de García, demandante y apelante, *v.* Figueroa & Gautier, Augusto Gautier Mandry y Great American Indemnity Company, demandados y apelados.

Núm. 7343.—*Sometido:* Diciembre 10, 1937. *Resuelto:* Marzo 29, 1938.

*H. Torres Solá,* abogado de la apelante; *J. Valldejuli Rodríguez,* abogado de los apelados.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

La demandante y apelante, Josefa de García, inició una demanda de daños y perjuicios ante la Corte de Distrito de San Juan contra la firma Figueroa & Gautier, Augusto Gautier Mandry y la Great American Indemnity Co. para recobrar los daños resultantes de un accidente. Alegó que fué estropeada por un automóvil perteneciente a Figueroa & Gautier mientras el mismo era negligentemente conducido por Augusto Gautier Mandry, uno de los socios de dicha mercantil. Se hizo figurar como demandada la Great American Indemnity Co. como aseguradora de la firma Figueroa & Gautier. Luego de celebrado el juicio, la corte inferior desestimó la demanda sin costas.

Una lectura cuidadosa de la transcripción de la evidencia nos ha convencido de que los hechos declarados por la corte de distrito en torno a la forma en que ocurrió el accidente están sostenidos por la preponderancia de la prueba. La corte halló que el día del accidente Josefa de García se disponía a cruzar la Avenida Ponce de León de Norte a Sur por un sitio que queda más o menos frente al Capitolio; que

ella se tiró a la calle por delante de un automóvil que se hallaba estacionado al mismo lado de la avenida, de frente para San Juan; que el demandado, Augusto Gautier, conducía el vehículo en dirección a San Juan, bastante a la derecha y a moderada velocidad; que en el mismo momento en que el automóvil del demandado cruzaba junto al vehículo que estaba estacionado la demandante salió frente al demandado y a éste le fué absolutamente imposible detenerse a tiempo para evitar arrollarla, pero que advirtió el momento en que la rueda delantera pasó sobre el cuerpo de la demandante y entonces detuvo el vehículo; que el demandado llevó entonces a la demandante al hospital más cercano e hizo que un médico la asistiera.

La corte inferior exoneró al demandado de toda negligencia e indicó que la negligencia allí existente debía imputársele a la demandante misma.

La apelante señala tres errores en relación con el análisis de la prueba y la decisión final de la corte. El caso, a nuestro juicio, no requiere que se discuta ninguna parte de la transcripción de la evidencia, toda vez que creemos que no existe una base real para alterar las conclusiones de hecho de la corte inferior. No se cometió ninguno de los errores señalados. Estamos de acuerdo con la siguiente aseveración de la corte inferior:

"La prueba toda demuestra que fué éste un accidente desgraciado del cual no son responsables los demandados, por lo que procede una sentencia declarando sin lugar la demanda, sin especial condenación de costas."

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.